1  DAVID M. NISSON
   Attorney at Law
2  State Bar No. 109075
   175291 Irvine Boulevard, Suite 311
3  Tustin, CA 92780
   Telephone: (714) 730-2171
4  Fax: (714) 730-2195
   Email: davidmnisson@sbcglobal.net
5
   Attorney for Defendant
6  APOLONIA RAMIREZ

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          ) Case No.: CR 07-01172-DDP-43
                                        )
12                                      )
                                        ) NOTICE OF MOTION AND
13                  *Plaintiff,*        ) MOTION FOR REVOCATION OF
                                        ) PRETRIAL DETENTION ORDER;
14       v.                             ) POINTS AND AUTHORITIES IN
                                        ) SUPPORT THEREOF;
15                                      ) DECLARATION OF COUNSEL
                                        )
16  SERGIO PANTOJA, et al.,             ) Date: January 13, 2010
                                        ) Time: 1:30 p.m.
17                                      ) Judge: The Honorable Dean D.
                                        )        Pregerson
18                  *Defendants.*       )
                                        )
19

20       TO:   THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE
    PLAINTIFF, THE UNITED STATES OF AMERICA, AND ITS ATTORNEYS OF
21  RECORD:

22       PLEASE TAKE NOTICE that on January 13, 2010 at 1:30 p.m., or as soon thereafter

23  as the matter may be heard in the courtroom of The Honorable Dean D. Pregerson, United

24  States District Judge, 312 N. Spring Street, Los Angeles, California, defendant Apolonia

25  Ramirez, by and through her attorney of record, David M. Nisson, will move for revocation of

26  the pretrial detention order and release on personal recognizance.

27

28

                                        1

    _____

    Defendant's Motion for Revocation of Pretrial Detention Order

1        This motion is based upon this notice of motion and motion, the attached memorandum
2    of points and authorities, the records and files in this case, any supporting declarations or
3    exhibits, and any evidence or oral argument presented at the hearing of the motion.

4

5    DATED: January 8, 2010                    Respectfully submitted,

6

7

8

                                            David M. Nisson

9                                                Attorney for Defendant

10                                             APOLONIA RAMIREZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Defendant's Motion for Revocation of Pretrial Detention Order

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Apolonia Ramirez is charged, along with at least 22 other defendants, in count 2 of the 30 count indictment with conspiracy to possess with intent to distribute at least 50 grams of cocaine base in violation of Title 21, United States Code, Section 841, subdivisions (a)(1) and (b)(1)(A)(iii). (Second Superseding Indict. 54-55.) [1]

Listing Ramirez as "street dealer operating in CLCS Organization territory," plaintiff relied on the following two over acts to show her participation in the conspiracy:

"(1)    On November 8, 2005, defendant RAMIREZ sold crack cocaine in CLCS Organization territory.

(2)    On April 27, 2006, defendant RAMIREZ sold four grams of crack cocaine to CW-2." (SS Indict 57, 59.)

While no other facts are given, it is noteworthy that Ramirez was convicted in the Superior Court of the State of California for these offenses, with the prosecution's witness in at least one of the cases being a federal agent, and with Ramirez fully complying with the terms of her probation without exception. (Los Angeles County Superior Court Case Numbers BA294877 and BA330290; see Declaration of Counsel at Exhibit A attached.)

Plaintiff is charging Ramirez in count 2 because she sold four grams of crack cocaine from her workplace, a restaurant, in "CLCS Organization territory," and because she possessed crack cocaine for sale in CLCS territory on a prior occasion. It is for these acts alone, for which Ramirez has already suffered conviction and sentence, that plaintiff relies on in contending Ramirez is facing a 10-year or greater maximum penalty and is

---

[1]    The Second Superseding Indictment shall hereinafter be referred to as SS Indict cited by page number.

3

Defendant's Motion for Revocation of Pretrial Detention Order

1  presumed to be a danger to the community and a flight risk.  (See Request at Doc. 416, and

2  Order at Doc. 449.)[2]

3      Selling four grams of crack cocaine as a "street level" operator in "CLCS

4  Organization" territory is not enough to find Ramirez to be a member of the alleged

5  conspiracy; the overt acts in the indictment itself bear this out.  In the indictment, plaintiff

6  alleges over acts implicating codefendants MURILLO and ATUNEES where they are

7  discussing taxing or collecting rents on "people who play card games" in a public park

8  within the "CLCS Organization territory."   (SS Indict 45, Act (159).)    Later in the

9  indictment, the codefendants note that a rival is collecting rents from the card games in the

10  public park in "CLCS Organization territory."  (SS Indict 46, Act (164).)  The indictment

11  also tells of occasional rival gang activity in "CLCS Organization territory," as well as

12  DVD sellers who are not paying rents.  (SS Indict 29, Act (62); 45, Act (157); 46, Acts

13  (164), (165).)  Accordingly, the indictment itself indicates that other organizations, as well

14  as independent operators, engaged in criminal activity, including the collection of rents,

15  within "CLCS Organization territory."   Therefore, Ramirez's 2005 and 2006 street level

16  narcotics convictions are insufficient, by themselves, to show Ramirez is a member of a

17  criminal conspiracy to sell 50 grams or more of crack cocaine.   Accordingly, Ramirez

18  should not be facing a sentence of 10 years to life imprisonment and the pretrial detention

19  order should be revoked.

20      Ramirez has extended family in the Los Angeles area, and she has children living in

21  the United States.  (Exh. A.)  Ramirez has lived and worked in the City of Los Angeles

22  form many years.  (Exh. A.)  Defense counsel is unaware of Ramirez ever having engaged

23  in any violent acts.  (Exh. A.)  She has already been punished for her low level drug sales

24  activity.  (Exh. A.)  Further, her performance on probation has been exemplary.  (Exh. A.)

25  Finally, her "mere presence" in "CLCS Organization territory" is not sufficient to show

26

27  _____

28  [2]    All references to "Doc" are to the documents filed in this case with this Court, by
   document number.

4

membership in a criminal conspiracy, and she is not alleged to be a member of the CLCS. Mere association and activity with a conspiracy is insufficient to show membership in a criminal conspiracy. *United States v. Basurto*, 497 F.2d 781, 793 (9th Cir. 1976); *United States v. Williams*, 798 F.2d 1024 (7th Cir. 1986) (see also SS Indict 4-5, 9-12.) Ramirez is not a danger to society or a flight risk and asserts the conduct alleged in this case, her prior punishment for the conduct alleged in this case, her exemplary conduct on probation, and her family and work life, all effectively rebut the presumption relied on by the plaintiff and the magistrate to detain her pretrial pursuant to Title 18, United States Code, Section 3142, subdivisions (e) and (i).

## II.

**RAMIREZ HAS REBUTTED THE PRESUMPTION THAT SHE BE SHOULD BE SUBJECTED TO PRETRIAL DETENTION BECAUSE MERE ASSOCIATION IS NOT SUFFICIENT TO PROVE CONSPIRACY AND THE PLAINTIFF ALLEGES NOTHING BEYOND MERE ASSOCIATION BASED UPON SALES LOCATION**

Ramirez is being detained subject to a pretrial detention order pursuant to Title 18, United States Code, Section 3142, subdivisions (e) and (i). Section 3142, subdivision (e) states in pertinent part that "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that . . . the person committed . . . an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), . . ." It is this presumption which has led to Ramirez's detention in this case. However, Ramirez is not subject to this presumption without first making the assumption that Ramirez's past conviction for possession with intent to sell, and for the sale of 4 grams of crack cocaine, in "CLCS Organization territory," is sufficient to establish that she is a member of a criminal conspiracy with the intent to distribute at least 50 grams of cocaine base.

Accordingly, plaintiff is associating Ramirez with the CLCS because of her location

5

1   and nothing more.   With this association, plaintiff has elevated Ramirez from a seller

2   convicted of the sale of 4 grams to a coconspirator facing over 10 years in prison.  Plaintiff

3   asserts this sentencing exposure, and the resultant presumption of Ramirez's danger and

4   risk despite the fact that she has been successful on probation since being sentenced in the

5   last incident relied on by plaintiff.

6       However, mere association is not enough, and Ramirez is able to rebut the

7   presumption relied on by the plaintiff and the magistrate.   Therefore, this Court should

8   revoke Ramirez's pretrial detention order.

9       "Mere association with co-conspirators or presence at the scene of an offense or

10  knowledge that something illegal is going on is insufficient to establish membership in a

11  conspiracy under the slight evidence standard. *Williams, supra*, 798 F.2d at 1028.  Further,

12  "[m]ere association and activity with a conspiracy is insufficient to show agreement and

13  membership in a conspiracy." *United States v. Kenny*, 645 F.2d 1323, 1335 (9th Cir. Cal.

14  1981) citing *United States v. Basurto*, 497 F.2d 781, 793 (9th Cir. 1976.)

15      In order to prove membership, plaintiff must merely show ""that each defendant

16  knew or had reason to know of the scope of the conspiracy and that each defendant had

17  reason to believe that his own benefits were dependent upon the success of the entire

18  venture."" *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001) quoting *United*

19  *States v. Montgomery*, 150 F.3d 983, 999 (9th Cir. 1998) quoting *United States v. Dunn*,

20  564 F.2d 348, 357 (9th Cir. 1977.)

21      Here, plaintiff did not show defendant knew or had reason to know anything.

22  Instead, plaintiff merely pointed to the location of the restaurant and a low level drug

23  transaction to alleged membership in a conspiracy.   Ramirez arguably had no more reason

24  to know the scope of the conspiracy or reason to believe her own benefits were dependent

25  upon the success of the entire venture than did any other party who allegedly paid tax or

26  rent in the case before this Court.   Here, no connection to the conspiracy was established

27  beyond the fact that Ramirez committed an illegal activity in "CLCS Organization

28

6

Defendant's Motion for Revocation of Pretrial Detention Order

1    territory." Plaintiff did not show even a slight connection. Instead, plaintiff offered "mere

2    presence."

3        By its pleading, plaintiff was able to start at "some unknown early date," and include

4    anyone who committed an illegal transaction in "CLCS Organization territory" in its

5    indictment. Even if the person was engaged in a "low level" transaction, years prior, with

6    no other evidence of association, agreement, benefit, or continued participation. Even if the

7    person had already been convicted and sentenced and was a successful probationer.

8        Because plaintiff has not indicated Ramirez knew or had reason to know of the scope

9    of the conspiracy, or that Ramirez had any reason to believe that her own benefits were

10    dependent upon the success of the entire venture, or that Ramirez had done anything

11    beyond conducting an unlawful transaction in "CLCS Organization territory," plaintiff has

12    not provided slight evidence of anything beyond mere association. Accordingly, plaintiff

13    has not show Ramirez to be part of any conspiracy. Without the conspiracy, plaintiff has

14    alleged Ramirez to have sold 4 grams of crack cocaine, a crime for which she was

15    convicted, not intent to distribute at least 50 grams of cocaine base in violation of Title 21,

16    United States Code, Section 841, subdivisions (a)(1) and (b)(1)(A)(iii), and she should not

17    be detained pursuant to Title 18, United States Code, Section 3142, subdivisions (e) and (i).

18        Further, Ramirez has been convicted, sentenced, was successful on probation, and

19    has extended family and work ties in the immediate area. Further still, Ramirez has never

20    failed to appear when she was prosecuted out of custody on the overt act alleged by

21    plaintiff. Finally, defense counsel is not aware of any prior acts of violence by Ramirez.

22    Therefore, Ramirez has rebutted the presumption relied upon by the plaintiff and the

23    magistrate to detain her pretrial and this Court should revoke the detention order.

24    ///

25    ///

26    ///

27    ///

28    ///

Defendant's Motion for Revocation of Pretrial Detention Order

1

## <u>CONCLUSION</u>

For all the reasons set forth above, defendant respectfully requests this Court grant her motion to revoke the pretrial detention order.

Dated:  January 8, 2010                                    Respectfully submitted,


DAVID M. NISSON
Attorney at Law

8

Defendant's Motion for Revocation of Pretrial Detention Order

## EXHIBIT A
### DECLARATION OF DAVID M. NISSON

I, David M. Nisson, declare that:

1.) I am a member of the Bar of the State of California and have been admitted to practice in the Central District of California and have been privately retained to represent Defendant APOLONIA RAMIREZ in <u>United States of America v. Sergio Pantoja, et al.</u>, in USDC Case No. CR-07-1172(B)-DDP. I am familiar with the facts relating to the case and if called upon as a witness could and would competently testify thereto.

2.) Defendant Ramirez is one of 39 defendants named in a 31 count indictment charging RICO, drug distribution, money laundering, and kidnapping conspiracies and other counts including attempted murder and felony murder. This is a high profile case involving allegations against members and associates of Columbia Lil Cycos, a clique of the 18th Street Gang; a gang operating under the protection and direction of the Mexican Mafia.

3.) Defendant Ramirez is charged in a single count, count 2, as a member of a conspiracy to possess with intent to distribute at least 50 grams of cocaine base. Ramirez is referred to as a low level dealer in the indictment in the case before this Court. She is not alleged to be a member of Columbia Lil Cycos, the 18th Street Gang, the Mexican Mafia, or any other criminal street gang or organization.

4.) Of the 96 overt acts alleged in support of count 2, Ramirez is named in two. In one of the two, she is said to have been selling crack cocaine in "CLCS Organization territory." In the other, she sold 4 grams of crack cocaine from her workplace, a restaurant located in "CLCS Organization territory."

5.) Ramirez has been convicted and sentenced in Los Angeles County Superior Court case numbers BA294877 and BA330290 for the activity alleged as over acts in count 2 of the Second Superseding Indictment in the case before this Court.

Defendant's Motion for Revocation of Pretrial Detention Order

1    6.)   I represented Ramirez in case number BA330290.   Ramirez's case was

2  prosecuted with her remaining out of custody.   She never failed to appear at any of her

3  scheduled hearings.   The only witness at the preliminary hearing was a federal investigator.

4    7.)   Prior to her arrest in the case before this Court, to the best of my knowledge,

5  Ramirez was abiding by the terms and conditions of her probation without exception.

6  Further, I am unaware of Ramirez ever having committed any acts of violence.

7    8.)   Ramirez has extensive family ties in the Los Angeles area, has children residing

8  in the United States, and has lived and worked in the City of Los Angeles for years.

9    I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct and was executed this 8th day of January, 2010, at Tustin,

11  California.

12

13  _____

14  DAVID M. NISSON
    Attorney at Law
15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Defendant's Motion for Revocation of Pretrial Detention Order